```
 1  ADAM GORDON
    United States Attorney
 2  AMANDA L. GRIFFITH
 3  California Bar No. 243854
    Assistant United States Attorney
 4  Office of the U.S. Attorney
 5  880 Front Street, Room 6293
    San Diego, California 92101-8893
 6  Telephone: (619) 546-8970
 7  mandy.griffith@usdoj.gov
    Attorneys for the United States of America
 8
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br>　　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>BRENT DEMOREST POOLE,<br>　　　　　　　　Defendant. | Case No. 24CR176-CAB<br><br>UNITED STATES' SENTENCING MEMORANDUM<br><br>Sentencing Date: August 22, 2025<br>Time: 9:30 a.m. |
|---|---|

Brent Demorest Poole has fully accepted responsibility for possessing visual depictions of children engaged in sexually explicit. For the history and characteristics of this case and of Poole, the United States recommends 36 months imprisonment followed by ten years of supervised release.

### A.　**Offense Conduct**

The Presentence Report (PSR) accurately details the investigation into Poole's criminal activity, and the investigation.

### B.　**Fine and Special Assessments**

As discussed below, there is restitution owed in this case so the United States requests that no fine be imposed in this case. The United States will recommend the imposition of the $100 special assessment. However, for the purposes of the JTVA and the AVAA, Poole is indigent so neither special assessment should be imposed.

### C. <u>Restitution</u>

The Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018 (AVAA) was enacted on December 7, 2018. The AVAA created new penalties and made a number of changes to existing child pornography laws including restitution. Specifically, the law provides that restitution must be ordered for all "child pornography trafficking offenses" of no less than $3,000 per victim. The amount of restitution ordered is not dependent on a defendant's ability to pay. Instead, it is based upon a court's determination of the "full amount" of losses incurred by a victim as a result of the trafficking in child pornography depicting the victim. 18 U.S.C. § 2259(b)(2). The term "full amount of the victim's losses" includes any costs incurred, or that are reasonably projected to be incurred in the future, by the victim, as a proximate result of the offenses involving the victim; and in the case of trafficking in child pornography offenses, as a proximate result of all trafficking in child pornography offenses involving the same victim, including:

- medical services relating to physical, psychiatric, or psychological care;
- physical and occupational therapy or rehabilitation;
- necessary transportation, temporary housing, and child care expenses;
- lost income;
- reasonable attorneys' fees, as well as other costs incurred; and
- any other relevant losses incurred by the victim.

18 U.S.C. § 2259(c)(2)(A)-(F).

Seven victims have provided requests for restitution in this case. All the submissions have been provided to defense counsel. Defendant does not challenge the sufficiency of the restitution submissions and will submit to the Court considering the mandatory restitution amount required by statute for five of the victims.

Defendant has raised a challenge to the sufficiency of the restitution requests for two of the victims. Undersigned counsel has reached out to the victim's counsel for further clarification. The parties will be prepared to submit a supplemental filing for the Court's consideration which will detail the specific issues, and an in-camera submission will be

provided detailing to the victims' restitution requests. Proposed restitution orders will be prepared for the Court's consideration and submitted ahead of the sentencing hearing.

### D. Guidelines Calculation

The guidelines calculations are detailed in the plea agreement, and will be filed separately in a sentencing summary chart.

### E. Government's Sentencing Recommendation

The harm inflicted on the children depicted is real, especially given the nature of type of sexually explicit conduct depicted in Poole's collection. While it is reassuring that Poole has now recognized the harm his crime inflicts on the victims (PSR ¶ 41), it is troubling that he did not recognize that at the time he first viewed child pornography.

To his credit, Poole accepted responsibility without any hesitation. The delay in resolution in this case was not because of Poole but was a result of a change in counsel and the need to obtain his voluminous medical records. Defense counsel also provided a mitigation package that was taken into consideration when allowing Poole to plead to a non-mandatory minimum charge and informs the sentencing recommendation.

A custodial sentence is warranted in this case, and Poole's medical conditions can be managed by the Bureau of Prisons. Though the custodial recommendation in this case is lower than what is recommend in the PSR, the United States believes a longer period of supervised release will serve to still serve a just sentence and protect the community.

The United States' recommended sentence is sufficient but not greater than necessary to support the § 3553(a) factors and represents a fair and just sentence.

//
//
//
//
//
//
//

3

### E. Criminal Forfeiture

The parties have agreed to forfeiture pursuant to the plea agreement. A final order of forfeiture will be provided separately for to the Court.

Date: August 14, 2025  　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　ADAM GORDON
　　　　　　　　　　　　　　　　United States Attorney

　　　　　　　　　　　　　　　　*/s/ Amanda L. Griffith*
　　　　　　　　　　　　　　　　AMANDA L. GRIFFITH
　　　　　　　　　　　　　　　　Assistant U.S. Attorney