UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,
Plaintiff,
v.
BRENT DEMOREST POOLE,
Defendant.

Case No.: 24cr176-CAB

ORDER DENYING MOTION FOR REDUCTION OF SENTENCE UNDER 18 U.S.C. § 3582(c)(1)(A)
[DOC. NO. 88]

Before the Court is Defendant Brent Demorest Poole's motion [Doc. No. 88] for a reduction of his sentence based 18 U.S.C. § 3582(c)(1)(A), which provides authorization for a court to reduce a term of imprisonment for extraordinary and compelling reason. Government filed a response opposing the motion. [Doc. No. 99.] Court finds the motion suitable for determination on the papers without argument. Having considered the submissions of the parties, the motion is DENIED.

**A. Background**

Defendant was sentenced on August 22, 2025, to 36 months custody and eight years of supervised release for the possession of images of minors engaged in sexually explicit conduct, in violation of 18 U.S.C. § 2252(a)(4)(B). [Doc. No. 75.] Defendant's base offense level was 18 and the Court adjusted upward 13 points for use of a computer, number of images, images of pre-pubescent minors, and sadistic/masochistic images of

toddlers. With the defendant's acceptance of responsibility, his total offense level was 28, as agreed to by the parties in the plea agreement. [Doc. No. 53.] Defendant's criminal history category was I and his guideline range was 78 to 97 months. The Court granted a downward variance of 2 points for his appellate waiver, resulting in a guideline range of 63 to 78 months. The government then recommended a below guideline sentence of 36 months based on the defendant's physical and mental health issues. [Doc. No. 65.] Defendant requested a sentence of 12 months and a day, with five years of supervised release, the first year on home detention. [Doc. No. 68.]

Having considered the seriousness of the offense, the need for general and specific deterrence, and the history and characteristics of the defendant, including his medical and mental health history, the Court sentenced the defendant to 36 months of custody. [Doc. No. 75.]

The defendant was given an extended self-surrender date and began his custodial term November 17, 2025. He has served approximately nine months of custody and has a projected release date of May 20, 2028 (with good conduct credits). [Doc. No. 99.]

**B. Defendant's First Request for Compassionate Release**.

Approximately five months into his custodial term, on April 20, 2026, defendant submitted a letter to the Court seeking compassionate release or an alternative placement due to his medical needs. [Doc. No. 86.]

Before a defendant may file a motion for sentence reduction, he must first request that the Bureau of Prisons (BOP) file such a motion on his behalf. 18 U.S.C. § 3582(c)(1)(A). A court may grant the defendant's own motion for reduction of his sentence only if the motion was filed "after the defendant had fully exhausted all administrative rights to appeal a failure of the BOP to bring such a motion on his behalf" or after 30 days have lapsed "from receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.*; *See U.S. v. Keller*, 2 F.4th 1278, 1282 (9th Cir. 2021) ("[A]dministrative exhaustion requirement imposes a mandatory claim processing rule that must be enforced when properly invoked.").

There was no indication, much less documentation, included with the defendant's letter of April 20, 2026, to the Court that he had requested relief from the BOP. The Court therefore denied the request without prejudice because the defendant did not demonstrate he had complied with the statutory exhaustion requirements. [Doc. No. 87.]

**C. Defendant's Renewed Motion**.[1]

On May 29, 2026, defendant renewed his motion, stating that on April 24, 2026, he submitted a request for compassionate release to the warden of FCI Bastrop, where he is housed. Thirty days having lapsed since he made his request, the defendant asserts he has now met the administrative exhaustion requirement. [Doc. No. 88.]

Government notes that it is "unclear" if the defendant has in fact met the exhaustion requirement. [Doc. No. 99.] No documentation was provided as evidence he made a request or on what basis he made the request. Government represents that BOP records do not reflect that a request was submitted by the defendant. [*Id.*]

Accepting that the defendant could provide evidence that he in fact met the exhaustion requirement, the Court reviews the merits of defendant's motion and finds the defendant has not met his burden to establish "extraordinary and compelling reasons" for a sentence reduction. As the movant, the defendant bears the burden to establish that he is eligible for a sentence reduction. *United States v. Varnado,* 2020 WL 2512204, at *1 (S.D. Cal. May 15, 2020); *United States v. Holden*, 2020 WL 1673440, at *3 (D. Or. April 6, 2020).

Under 18 U.S.C. § 3582(c)(1)(A), a court can grant a sentence reduction only if it determines that "extraordinary and compelling reasons" justify the reduction and the "such a reduction is consistent with applicable policy statements issued by the Sentencing

---

[1] Defendant filed his request pro se. Pursuant to General Oder No. 692-B, the Court referred his filing to Federal Defendants of San Diego, Inc., to determine if the motion could be decided on the papers without further assistance of counsel. [Doc. No. 90.] Upon review of the relevant records in the case, Federal Defenders concluded the motion could be decided on the existing record without further assistance of counsel. [Doc. No 97.]

Commission." The Commission's policy statement defines "extraordinary and compelling" to include specific categories of medical conditions and other circumstances. U.S.S.G. § 1B1.13. Defendant asserts he is suffering from a medical condition that requires specialized medical care that is not being provided and without which he is at risk of serious deterioration in health. U.S.S.G. § 1B1.13(b)(1)(C).

Defendant perfunctorily contends his medical conditions require a level of care not fully available within BOP custody. He represents that he has daily migraines, nausea, severe PTSD, gastrointestinal issues, major depressive disorder, anxiety, and daily neck and back pain that the BOP cannot address. [Doc. No. 88.] He provides no documentation to support the assertion that his medical needs cannot be managed by BOP.

In its opposition, the government provides documentation of the defendant's most recent medical consultations. [Doc. No. 99-1.] In his May 18, 2026 medical records defendant denies most of the ailments he contends are not being addressed by BOP, including the denial of dizziness, headaches or migraines, GI complaints, anxiety or depression. Other than a complaint of lower back pain without numbness or parethesia, defendant's records reflect no complaints of significant chronic conditions being unaddressed or untreatable by the BOP.

Defendant has not met his burden of establishing extraordinary and compelling reasons to justify a sentence reduction. His motion requesting compassionate release is therefore DENIED.

**IT IS SO ORDERED.**

Dated: July 27, 2026



Hon. Cathy Ann Bencivengo
United States District Judge